Entered: October 6th, 2020
Signed: October 5th, 2020

**SO ORDERED**



**LORI S. SIMPSON**
**U.S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

In re:                                          *

                                                *          Case No.      20-18094-LSS

Mose Chestnut,                                  *          Chapter       13

                    Debtor.                     *

### ORDER DENYING MOTION TO EXTEND AUTOMATIC STAY

The above-captioned case was commenced on September 1, 2020, upon the Debtor's

filing of a Chapter 13 bankruptcy petition.    On September 15, 2020, the Debtor filed a Motion to

Extend Automatic Stay (the "Motion") seeking to extend the automatic stay pursuant to 11 U.S.C.

§ 362(c)(3). The Motion was filed because the Debtor had a prior bankruptcy case that was

pending within the year preceding the commencement of the instant case. On October 2, 2020,

Southlake at Lake Arbor HOA, Inc. filed an Objection [Dkt. No. 21] to the Motion. The same

day, Debtor filed an Affidavit [Dkt. No. 22] in support of the Motion. The matter came before the

Court for a hearing on October 5, 2020. For the following reasons, the Motion is denied.

11 U.S.C. § 362(c)(3) provides, in part:

> [i]f a single or joint case is filed by or against debtor who is an individual in a case
> under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending

1

within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>
> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) **after notice and a hearing completed before the expiration of the 30-day period** only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and . . . . (emphasis added).

11 U.S.C. § 362(c)(3). "The plain meaning of these subsections leads inevitably to the conclusion that if a motion to extend automatic stay is to be granted, that can occur only after a properly noticed hearing conducted within 30 days of the filing of the case." *In re Tubman*, 364 B.R. 574, 580 (Bankr. D. Md. 2007).

In this case, the Motion was filed on September 15, 2020, which placed the expiration of the objection period after the expiration of the 30-day timeframe in which the Court was required to conduct a hearing on the Motion. Debtor did not file a motion seeking to shorten the objection period or for an expedited hearing as is required by Local Bankruptcy Rule 9013-7. Accordingly, the Court is unable to grant the relief requested.   The Court notes, however, that the reasoning of *In re Tubman* applies and the automatic stay is only terminated as to actions against the Debtor and property of the Debtor, but not as to any actions against property of the estate. *Id.* at 583.

For the reasons set forth herein, it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion is denied.

2

cc:     Debtor
        Debtor's Counsel
        Chapter 13 Trustee
        U.S. Trustee
        All Creditors and Parties-in-Interest

**End of Order**